### 18264. JACOBS *v.* THE STATE.

BLOODWORTH, J. The evidence in this case was entirely circumstantial and did not exclude every reasonable hypothesis save that of the guilt of the accused, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 26, 1927.

Possession of liquor; from Douglas superior court—Judge Edwards. May 17, 1927.

A verdict of guilty of "possessing liquor" was rendered against Jim Jacobs. From the evidence it appeared that, under a pile of pine brush in woods about three hundred yards from his house, officers searching for liquor found corn whisky in six one-gallon jugs and in a half-gallon jug. No liquor was found in his house, but they found there a lot of empty, corked, new pint and half-pint bottles which smelt of whisky and some of which looked as if they had just been emptied; also a lot of empty jugs. Fresh tracks led from the house "to the whisky and back,—men's tracks;" and it was testified that "he had a pig tied in the yard by the neck, and a pig with tracks about the same size had followed him one trip to the whisky;" it had rained the night before, and it "seemed like three or four trips had been made to it since the rain." The tracks went through the edge of the defendant's cleared and cultivated field; and a clearing about six feet wide was cut through bushes and undergrowth to a point about twenty-five yards from where the whisky was found. There were other houses in the neighborhood, but the defendant's house was the closest to that place. "The whisky was about the same distance from the big road as it was from his house." His wife, his son, and the son's wife lived with him, but the son was not at the house when the officers went there, and it was testified that he was "hiding out on the same charge." A man who had been in jail for bootlegging lived about three quarters of a mile from where this whisky was found. The defendant was at home when the officers went there, and he went with them voluntarily and without complaint. In his statement at the trial he denied knowledge of the whisky, and said that he sold bottles and had collected for sale those found in his house.

Criminal Law, 16 C. J. p. 764, n. 54; p. 1179, n. 67.
Intoxicating Liquors, 33 C. J. p. 757, n. 74.

*J. R. Hutcheson,* for plaintiff in error, cited: *Wilson* v. *State, 32 Ga. App.* 427.

*S. W. Ragsdale, solicitor-general,* contra.